UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RON FREEMAN,

    Plaintiff,

v.

ED BORBEIAN, et al.,

    Defendants.

Case No. 16-cv-01848-JD

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a detainee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

### DISCUSSION

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff's claims are not clear. He states he wrote a book about jury tampering. He was attacked by a drug dealer and others in retaliation for the book. Various people, including his ex-wife, are impersonating federal agents and police officers to conspire against him. For relief, plaintiff seeks to stop the impersonations, prevent witness tampering, and prevent murder attempts against him.

As currently pled, plaintiff's complaint fails to state a claim and is dismissed with leave to amend. To state claim plaintiff must allege that a constitutional law was violated by person acting under the color of state law. Private individuals generally do not act under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). If plaintiff files an amended complaint he must describe in detail the actions of state actors and how they violated his constitutional rights.

**CONCLUSION**

1. The complaint is **DISMISSED** with leave to amend. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to

1  amend within the designated time will result in the dismissal of this case.

2      2.    It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the
3  Court informed of any change of address by filing a separate paper with the clerk headed "Notice
4  of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to
5  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
6  Civil Procedure 41(b)

7  **IT IS SO ORDERED.**

8  Dated: June 1, 2016

JAMES DONATO
United States District Judge

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RON FREEMAN,

    Plaintiff,

  v.

ED BORBEIAN, et al.,

    Defendants.

Case No.  16-cv-01848-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 1, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ron Freeman ID: 0144493
Marin County Jail
13 Peter Behr Drive
San Rafael, CA 94903

Dated: June 1, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO